Case 09-41962 Doc 369 Page 1 of 6

FILED
August 17, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003709941

**6**

Walter R. Dahl, CSB No. 102186 [wdahl@DahlLaw.net]
Candy Dahl Goldman, CSB No. 186031 [cdahl@DahlLaw.net]
Thomas S. Tengan, CSB No. 134052 [ttengan@DahlLaw.net]
DAHL & DAHL, ATTORNEYS AT LAW
2304 "N" Street
Sacramento, CA 95816-5716

Telephone: (916) 446-8800
Telecopier: (916) 446-1634

Attorneys for Renwood Vineyard Properties, Ltd.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>**Renwood Vineyard Properties, Ltd., a Delaware corporation,**<br><br>10461 Old Placerville Rd, #150<br>Rancho Cordova, CA 95827<br>TIN: 68-0429428<br><br>Debtor(s). | Case No.: 09-41962-D-11<br>DC No.: DD-08<br><br>Date: September 14, 2011<br>Time: 10:00 AM<br>Judge: Bardwil<br>Courtroom: 34<br>Place: 501 I Street, 6th Floor<br>Sacramento CA 95814 |

**MOTION FOR APPROVAL OF SECOND AND FINAL ALLOWANCE OF
COMPENSATION TO COUNSEL FOR DEBTOR
[11 U.S.C §330; Fed. R. Bankr. P. 2016]**

Dahl & Dahl, Attorneys at Law ("Counsel"), seeks allowance of compensation and reimbursement of expenses for services incurred as counsel for Renwood Vineyard Properties, Ltd. ("Debtor") in this case for the period August 1, 2010 through August 16, 2011 in the amount of $4,521.72. In addition, Counsel also seeks, pursuant to 11 U.S.C. §330(a), final allowance of compensation for all its services in this Chapter 11 case in the total amount of $49,918.49.

**I. BACKGROUND**

1. Debtor voluntarily filed for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101

et seq.) on October 9, 2009.

2. Debtor's Plan of Reorganization was filed February 8. 2010 and Debtor's First Amended Disclosure Statement was filed on June 4, 2010.

3. Debtor managed its affairs as debtor-in-possession until Jon Tesar was appointed as trustee on August 4, 2010.

4. This court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§1334 and 157.

5. Upon commencement of this case Debtor was represented by the Law Offices of Julia P. Gibbs ("Gibbs").

6. Debtor filed a Substitution of Attorneys on February 4, 2010 substituting Counsel in place of Gibbs.

7. Counsel commenced rendering services on behalf of Debtor's Chapter 11 estate on or about January 20, 2010. Counsel's employment as counsel for Debtor was approved by an order entered March 9, 2010.[1]

8. Debtor agreed to pay Counsel's out-of-pocket costs and attorney's fees at Counsel's standard hourly rates, to whatever extent Counsel's costs and fees exceed the initial retainer received.

9. Counsel previously served as bankruptcy counsel to an affiliate of Debtor, Renwood Winery, Inc., a California corporation ("Winery"). When Counsel commenced providing services to Debtor, Counsel resigned from representing Winery. Counsel agreed to assume representation of Debtor so long as Counsel had a $50,000.00 retainer in its trust account for application to approved compensation as counsel for Debtor. Such retainer was tendered by Winery. After the substitution of attorneys was effected, Debtor's former counsel, Gibbs, released from her client trust account the sum of $25,000.00 from her initial retainer, at the request of Debtor. The funds from Gibbs client trust account were deposited in Counsel's client trust account on account of Debtor, and an equivalent $25,000.00 was released by Counsel from its client trust account to Winery (less $7.00 charged by Counsel's bank for

---

[1] The order (prepared by Counsel) stated the effective date of representation by Dahl & Dahl as January 22, 2010 which was the date Counsel signed the substitution of attorneys. Counsel actually commenced services for Debtor on January 20, 2010. The legal fees charged on January 20 and 21 which counsel included in the Motion for Approval of First Interim Allowance of Compensation to Counsel for Debtor [DD-06] total $552.00

a cashier's check payable to Winery). Thus, Counsel held $25,000.00 from Debtor and an additional $25,000.00 from Winery with which to pay allowed compensation.

10. Counsel's Motion for First Interim Compensation for the period January 20, 2010 through July 31, 2010 in the amount of $45,101.50 in fees and $295.27 in out-of-pocket costs was approved by an order entered October 11, 2010 [Docket No. 229]. Pursuant to that order, the payment to Counsel was first from the remaining retainer originally tendered by Winery ($24,993.00) and second from the retainer tendered by Debtor ($20,403.77). Counsel has $4,596.23 in funds remaining on deposit from Debtor in its client trust account.

11. The identities and hourly billing rates of Counsel's professionals and paraprofessionals are as follows:

| Name | Description | Initials | Hourly Rate |
| --- | --- | --- | --- |
| Walter R. Dahl | Attorney | WRD | $395.00 |
| Candy Dahl Goldman | Attorney | CDG | $285.00 |
| Thomas S. Tengan | Attorney | TST | $195.00 |
| Choquette Marrow | Assistant | CM | $75.00 |

## II. CASE STATUS

12. Debtor's Plan of Reorganization was filed on February 8, 2010 and its First Amended Disclosure Statement was filed on June 4, 2010. Debtor managed its affairs as debtor-in-possession until Jon Tesar was appointed as trustee by an order entered August 4, 2010. To the best of Counsel's knowledge all quarterly fees have been paid to the United States Trustee and all monthly operating reports have been filed.

## III. PROJECT SUMMARY

### Asset Analysis & Recovery

(a) Description: Telephone call from R. Smerling regarding Schedule B filed by Renwood Vineyard Properties, claim by Trustee Tesar of significant monies owed to Renwood Vineyard Properties by Renwood Group, Inc.

(b) Timekeepers' hours:

    WRD:    0.30

(c) Itemized time and service entries:  See history billing report accompanying this motion as Exhibit "A".

Business Operations

(a) Description:  Multiple telephone calls from R. Sterling re J. Tesar as Chapter 11 trustee, possible formation of creditors committee, status of motion to compel production of documents from TLA, Judy Gibbs billing, grape sales, potential sale of vineyards, possible RICO action vs. TLA; J. Tesar's duties and refusal to file monthly operating report, resignation of D. Creaves, turnover of excess deposit from J. Gibbs, etc; review e-mail message and draft and forward e-mail message to A. Asebedo with information on GZ Paul.

(b) Timekeepers' hours:

WRD:        1.20

(c) Itemized time and service entries: See history billing report accompanying this motion as Exhibit "A".

Case Administration

(a) Description:  Draft and forward e-mail message to J. Gibbs re trustee appointment, request for final billing and motion for approval of compensation; prepare for hearings on motion to compel discovery, objection to claim of TLA, continuing use of cash collateral and approval of disclosure statement; pre-hearing discussions with R. Smerling, D. Egan, G. Hollister, D. Flemmer, R. Cunningham, J. Tesar and A. Asebedo; court appearance at hearing on motions to compel discovery, objection to TLA claim, cash collateral use, and approval of disclosure statement; post-hearing discussion with R. Smerling, J. Tesar and A. Asebedo

(b) Timekeepers' hours:

WRD:        3.50

(c) Itemized time and service entries:  See history billing report accompanying this motion as Exhibit "A".

Fee/Employment Applications

(a) Description: Review, revise and finalize motion for approval of first interim allowance of compensation of Dahl & Dahl, exhibits in support of motion, declaration of W.R. Dahl in support of

motion, declaration of R. Sterling in support of motion, and notice of hearing on motion; draft and forward e-mail message to R. Sterling with motion for approval of first interim allowance compensation and supporting documents; prepare for filing, file, and serve motion for approval of first interim compensation and supporting documents; review client file in preparation for hearing on motion for first interim allowance of compensation; court appearance at hearing on motion for approval of first interim allowance of compensation; draft, review, discuss, and finalize order re motion for first interim allowance of compensation of Dahl & Dahl, draft and forward e-mail message to A. Asebedo with revised order; electronically file order re motion for first interim allowance of compensation; draft, review, revise and finalize motion for approval of second and final allowance of compensation and supporting documents.

(b) Timekeepers' hours:

    WRD:    1.10

    TST:    8.70

    CM:    4.80

(c) Itemized time and service entries: See history billing report accompanying this motion as Exhibit "A".

## IV. ACTUAL NECESSARY EXPENSES

Counsel seeks reimbursement for the following actual and necessary expenses, as more particularly itemized on the history billing report accompanying this motion as Exhibit "A".

    Potage:    $35.92

    Photocopies    $19.80

## V. CERTIFICATION

Counsel certifies that:

(1) Debtor has received on a regular basis invoices for the legal services reflected on the history billing report accompanying this motion as Exhibit "A"

(2) Due to the appointment of Jon Tesar as trustee and the departure of Robert Smerling from his position as President and Chief Executive Officer of Renwood Vineyard Properties, Ltd., there has been no prior approval or review of this motion by the Debtor.

## VI. SUMMARY

Counsel seeks approval, pursuant to 11 U.S.C. § 330, for compensation in the amount of $4,466.00 in attorneys fees, plus $55.72 in out-of-pocket expenses, for a total of $4,521.72 for the period August 1, 2010 through August 16, 2011. In addition, counsel seeks final approval for compensation for all its services in this Chapter 11 case in the total amount of $49,918.49.

Dated:  August 17, 2011                          DAHL & DAHL
                                                                        ATTORNEYS AT LAW

By:  /s/  Walter R. Dahl
      Walter R. Dahl
Attorneys for Redwood Vineyard Properties, Ltd.